UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| DONNELL ROBERTSON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | CAUSE NO. 3:17-CV-695 PPS-MGG |
| NOE J. MARANDET, M.D., and KIMBERLY MARAND MYERS, M.D., | ) | |
| Defendants. | ) | |

## **OPINION AND ORDER**

Donnell Robertson, a prisoner without a lawyer, filed a complaint alleging he was denied medical treatment by two doctors at the Miami Correctional Facility. A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In 2016, Robertson was suffering from dizziness as a result of a head injury sustained in an automobile accident. As a result, he had medical orders requiring he be housed on the bottom range in a bottom bunk. ECF 1-1 at 1 and 11. Nevertheless, when he was moved on March 7, 2016, he was assigned to a top bunk. When Robertson

questioned this assignment, a guard called both Dr. Marandet and Dr. Myers to inquire. Both doctors personally told the guard that Robertson did not have a medical pass for either a bottom range or bottom bunk. Early the next morning, around 3:00 a.m., Robertson became dizzy and blacked out while climbing out of his top bunk. As a result, he injured his head and back.

On July 20, 2017, Robertson saw a specialist who prescribed Prednisone and Ultram. However, both Dr. Marandet and Dr. Myers personally prevented either prescription from being ordered for 3 and a half weeks. As a result, they were not delivered until August 24, 2017, and Robertson experienced unnecessary pain.

For medical professionals to be held liable for deliberate indifference to a serious medical need, they must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). Here, Robertson alleges these defendants deliberately lied about his having a medical pass for a bottom bunk and that they intentionally prevented his prescriptions from being ordered. These allegations state a claim for violations of the Eighth Amendment.

Finally, Robertson alleges he "was never seen by any of the defendants." ECF 1 at 12. He alleges this is in retaliation for his having filed a grievance on March 8, 2016, against Dr. Marandet and Dr. Myers. "To establish a First Amendment retaliation claim, the plaintiff must establish that he engaged in protected First Amendment activity,

2

suffered a deprivation that would likely deter future First Amendment activity, and the First Amendment activity was a motivating factor in the defendant's decision to take the retaliatory action." *Walker v. Groot*, 867 F.3d 799, 803 (7th Cir. 2017). Here, these allegations state a claim for retaliation.

Robertson is seeking both monetary damages and injunctive relief. However he is no longer housed at the Miami Correctional Facility. Therefore his injunctive relief claims are now moot. *See Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) and *Jones v. Butler*, 663 F. App'x 468, 470 (7th Cir. 2016).

For these reasons, the Court:

(1) **GRANTS** Donnell Robertson leave to proceed against Noe J. Marandet, M.D., and Kimberly Marand Myers, M.D., in their individual capacities for compensatory and punitive damages for personally lying to a guard on March 7, 2016, when they said Robertson did not have a medical pass for a bottom bunk which caused him to fall from the top bunk on March 8, 2016, in violation of the Eighth Amendment;

(2) **GRANTS** Donnell Robertson leave to proceed against Noe J. Marandet, M.D., and Kimberly Marand Myers, M.D., in their individual capacities for compensatory and punitive damages for causing him unnecessary pain by preventing him from receiving Prednisone and Ultram from July 20, 2017, until August 24, 2017, in violation of the Eighth Amendment;

(3) **GRANTS** Donnell Robertson leave to proceed against Noe J. Marandet, M.D., and Kimberly Marand Myers, M.D., in their individual capacities for compensatory and

punitive damages for retaliating against him by refusing to provide him medical treatment in retaliation for his having filed a grievance against them on March 8, 2016, in violation of the First Amendment;

(4) **DISMISSES** all other claims;

(5) **DIRECTS** the Clerk and the United States Marshals Service to issue and serve process on Noe J. Marandet, M.D., and Kimberly Marand Myers, M.D., at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1), pursuant to 28 U.S.C. § 1915(d); and

(6) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Noe J. Marandet, M.D., and Kimberly Marand Myers, M.D., respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED** on March 29, 2018.

/s Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT