UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DONNELL ROBERTSON,

    Plaintiff,

v.                                  CAUSE NO.: 3:17-CV-695-PPS-MGG

NOE J. MARANDET, M.D., and
KIMBERLY MARAND MYERS, M.D.,

    Defendants.

## OPINION AND ORDER

Donnell Robertson, a prisoner without a lawyer, is proceeding in this case against two prison doctors on three groups of claims. ECF 16 at 3-4. The first claim alleges the defendants lied to a guard on March 7, 2016, about a bottom bunk medical pass. The second claim alleges they caused him unnecessary pain by preventing him from receiving Prednisone and Ultram from July 20, 2017, until August 24, 2017. The third claim alleges they retaliated against him by refusing to provide medical treatment because he filed a grievance against them on March 8, 2016.

There is a threshold issue about claim two raised by the defendants' summary judgment motion: did Robertson properly exhaust his administrative in his claim that the defendants prevented him from receiving medications in July and August 2017? ECF 41. The defendants concede that Robertson properly exhausted his administrative remedies related to his first and third claims which both arose in 2016. *Id*. Therefore, the

only issue presently before me is whether Robertson exhausted his administrative remedies related to events in July and August 2017.

Let's start with the applicable law. Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). There's no wiggle room here; the Seventh Circuit takes a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Id.* at 1024. Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving

party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009).

Here, the parties do not dispute either the existence or terms of the grievance policy. ECF 42 at 3 and ECF 45 at 2. Most relevant, they agree it has three steps: an informal grievance, a formal grievance, and a formal appeal. The defendants argue Robertson did not file a formal appeal about any medical issues in 2017. Robertson says he has attached proof he exhausted his administrative remedies.

Jennifer Schurman is a Grievance Specialist for the Indiana Department of Correction. She declares under penalty of perjury she has examined Robertson's grievance records. She declares he "filed five grievances in 2017, of which three were regarding medical treatment. However, Mr. Robertson did not file a formal appeal of any of those medical grievances." ECF 42-1 at 3.

In response, Robertson argues that "[b]ased upon a reviewing of the grievances that going be attached to this motion you the court will see that the Plaintiff Donnell Robertson has and did exhaust all of his administrative remedies that are required to do." ECF 45 at 4., Robertson attached 27 pages of grievance records documenting three grievances numbered: 91450 (ECF 41-1 at 1-8, 18, and 20), 93939 (ECF 41-1 at 1, 9-16, and

3

18), and 94593 (ECF 41-1 at 1, 18-19, 21-28). All of these grievances are fully exhausted. That is to say in all three instances, Robertson followed and completed the grievance process by filing a formal appeal. The problem is that none of these grievances are about events which occurred in July or August 2017. Indeed, they all pre-date the Summer of 2017. The response to the formal appeal of Grievance 91450 was issued May 23, 2016. ECF 41-1 at 8. The response to the formal appeal of Grievance 93939 was issued December 14, 2016. ECF 41-1 at 16. And the response to the formal appeal of Grievance 94593 was issued February 21, 2017. ECF 41-1 at 26. As such, none of those grievances are relevant to whether he exhausted his administrative remedies for claims which arose in July and August 2017. Because Robertson has not provided any evidence to the contrary, the undisputed evidence is that he did not exhaust his administrative remedies for the claims arising in July and August 2017. Therefore summary judgment must be granted as to those claims. But as noted above, because the summary judgment did not address his two claims arising in 2016, Robertson may continue to proceed on those.

Finally, Roberson filed a motion objecting to the defendants' reply brief. Robertson argues the reply brief delayed the case and provided no new information. Nevertheless, N.D. Ind. L.R. 56-1(c) provides for filing a reply brief and there was nothing improper about the defendants having done so.

For these reasons, the court:

(1) DENIES the motion to object (ECF 53);

(2) GRANTS the partial motion for summary judgment (ECF 41);

4

(3) DISMISSES WITHOUT PREJUDICE the claims against Noe J. Marandet, M.D., and Kimberly Marand Myers, M.D., for preventing Donnell Robertson from receiving Prednisone and Ultram from July 20, 2017, until August 24, 2017;

(4) REMINDS the parties Donnell Robertson is proceeding in this case only on the two remaining claims:

    (a) against Noe J. Marandet, M.D., and Kimberly Marand Myers, M.D., in their individual capacities for compensatory and punitive damages for personally lying to a guard on March 7, 2016, when they said Robertson did not have a medical pass for a bottom bunk which caused him to fall from the top bunk on March 8, 2016, in violation of the Eighth Amendment; and

    (b) against Noe J. Marandet, M.D., and Kimberly Marand Myers, M.D., in their individual capacities for compensatory and punitive damages for retaliating against him by refusing to provide him medical treatment in retaliation for his having filed a grievance against them on March 8, 2016, in violation of the First Amendment.

SO ORDERED on March 13, 2019.

                                              /s/ Philip P. Simon
                                              PHILIP P. SIMON, JUDGE
                                              UNITED STATES DISTRICT COURT